UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

TANNIA A. ELSWORTH,

    Plaintiff,

VS.

BAPTIST HEALTH SOUTH FLORIDA, INC.

    Defendant.

## COMPLAINT

Plaintiff, TANNIA A. ELSWORTH ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues BAPTIST HEALTH SOUTH FLORIDA, INC. ("Defendant") for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§1331 for Plaintiff's claims arising under Title 42 U.S.C. §12182 et. seq., based on Defendant's violation of Title III of the ADA. *See also* 28 U.S.C. §§2201 and 2202 as well as the 2010 ADA Standards.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(B) and the Internal Operating Procedures for the United States District Court For the Southern District of Florida in that all events giving rise to the lawsuit occurred in Miami-Dade County, Florida.

## **PARTIES**

3. Plaintiff, TANNIA A. ESLWORTH is a resident of the state of Florida residing in Palm Beach County, Florida, and is otherwise *sui juris.*

4. Upon information and belief, Defendant is the lessee, operator, owner and lessor of the Real Property, which is subject to this suit, and is located at 13101 S. Dixie Highway, Miami, Florida 33156 ("Premises") and is the owner of the improvements where the Premises is located.

5. Defendant is authorized to conduct, and is in fact conducting, business within the state of Florida.

6. Plaintiff is an individual with numerous disabilities including obesity, chronic fatigue syndrome/Barr-Epstein syndrome, fibromyalgia, hepatitis C, rheumatoid arthritis, atrial fibrillation, diabetes type II, high blood presume and osteoperosis. At the time of Plaintiff's initial visit to the Premises on March 23, 2018 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA.  Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though he would be classified as a "bona fide patron".

7. Plaintiff will avail herself of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 7 above as if fully stated herein.

10. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. §12182; *see also* 28 C.F.R. §36.508(a).

11. Congress found, among other things, that:

a. some 43,000,000 American have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3),(5) and (9).

12. Congress explicitly stated that the purpose of the ADA was to:

a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

13. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith. The Premises, which is the subject of this action, is a public accommodation covered by the ADA and must be in compliance therewith.

14. Defendant has discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

15. Plaintiff has visited the Premises and has been denied full and safe equal access to the facilities, and therefore suffered an injury in fact.

16. Plaintiff intends to return and utilize the services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to provide persons with disabilities with full and equal access to its facilities at the

Premises. Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

17. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for each subsequent violation.

18. Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, *inter alia,* the following specific violations:

**Parking:**

a. The designated accessible parking spaces are not located on the shortest accessible route closest to the accessible entrance, in violation of Section 208.3.1 of the 2010 Standards. Note: The disabled parking spaces are located in the front of the facility (not in parking garage), thus persons utilizing the disabled parking spaces do not have "covered" parking that is protected from weather. In addition, the parking spaces located in the parking garage have direct access to the elevator that provides direct access to the medical offices and restrooms. As such, the location of the disabled parking spaces is not "substantially equivalent" and do not provide "greater accessibility" than garage parking spaces.

b. There are no disabled parking spaces located in the parking garage as the height requirement at entrance to the parking garage is less than 98 inches above floor, in violation of Sections 208.3 and 502.5 of the 2010 Standards.

**Accessible Routes:**

c. The accessible features are not maintained at the subject facility, creating barriers to access for the plaintiff, as set forth herein, in violation of 28 CFR 36.

d. The accessible route provided within the site from the accessible parking spaces to the accessible facility entrance it serves is not compliant, in violation of Section 206.2.1 of the 2010 Standards.

e. There is not a continuous path of travel connecting all essential elements of the facility or from site arrival points, violating Section 206.2 of the 2010 Standards.

f. There are curb ramps servicing the disabled parking spaces that do not provide the required edge protection, violating Sections 405.2, 405.9 and 406.3 of the 2010 ADA Standards.

g. There is door hardware that requires tight grasping and pinching to operate, violating Sections 404.2.7 and 309.4 of the 2010 Standards.

**Access to Goods and Services:**

h. There are services counters in the medical offices that exceed the maximum height allowances violating Section 904 of the 2010 Standards.

**Common Area Restrooms:**

i. There are objects blocking access to the side grab bars in the accessible stall in violating Section 604.5 and 609 of the 2010 Standards.

j. The door pull force on the restroom doors exceeds the maximum allowances for interior doors violating Section 404 of the 2010 Standards.

k. The accessible stall door does not provide the required hardware on both sides of the accessible stall door violating 604.8.1.2 of the 2010 Standards.

l. The key pad on the common area doors does not provide persons with disabilities unassisted access. There are no policies and procedures in place to provide assistance nor signage displayed that informs persons with disabilities how to secure assistance for access to the locked restrooms in violation of 28 CFR 36.

19. To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 18 above.

20. Although Defendant is charged with having knowledge of the violations, Defendant may not have had actual knowledge of said violations until this Complaint made Defendant aware of same.

21. The Premises is subject to new construction standards of the ADA.  Barriers and violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.  Upon information and belief, there are other current violations of the ADA.  Only upon full inspection can all violations be identified. Accordingly, a complete list of violations will require an on-site inspection by Plaintiff's representatives pursuant to Rule 34 of the Federal Rules of Civil Procedure.

22. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 CFR §36.304, Defendant was required to make the establishment a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

23. Plaintiff has retained undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

24. The above violations are readily achievable to modify in order to bring the Premises or the Facility/Property into compliance with the ADA.

25. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies to the violations listed in paragraph 18 above.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs injunctive relief, including entering an order to alter the Premises to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. This Court declare that the Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2. This Court enter an Order requiring Defendant to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

3. This Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures to the Premises;

4. This Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and

5. This Court award such other and further relief as it may deem necessary, just and proper.

## COUNT II – NEGLIGENCE

27. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 26 above as if fully stated herein.

28. Defendant owed Plaintiff a duty to maintain the Premises in a reasonably safe condition, including a duty to maintain the property in full compliance with the ADA. As a direct and proximate result of the Defendant's failure to maintain the Premises in a reasonably safe condition and the ADA violations as described above, Plaintiff suffered a fall resulting in permanent injury within a reasonable degree of medical probability, and/or permanent loss of an important bodily function and resulting pain and suffering, permanent disability, mental anguish, loss of the capacity for the enjoyment of life, and medical expenses. All losses are either permanent or continuing, and Plaintiff will suffer such losses in the future.

29. Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

WHEREFORE, Plaintiff demands judgment against Defendant, an award costs, and such other relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demand trial by jury as to all issues so triable.

**BALES SOMMERS & KLEIN, P.A.**
*Co-Counsel for Plaintiff*
2 South Biscayne Boulevard, Suite 1881
Miami, Florida  33131
Telephone:  305-372-1200
Facsimile: 305-372-9008
E-Mails: jklein@bsklawyers.com
               rbalesjr@bsklawyers.com

By    */s/ Jason Klein*  _____
         Jason Klein, Esq.
         Florida Bar No.  0129097

and

**ANDREAS KELLY, P.A**
*Co-Counsel for Plaintiff*
8245 N.W. 36th Street
Suite 1
Doral, Florida  33166
Telephone:  305-592-1192
Facsimile: 786-233-7069
E-Mails: andreas@amkellylaw.com